UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRON HOUSTON, a/k/a Tyrone Black,

                                   Plaintiff,

                                                                              DECISION AND ORDER

                                                                              03-CV-6118L

              v.

ZEN ZEN individually, and as Hearing Officer for
Five Points Correctional Facility, and an
employee of the State of New York, et al.,

                                   Defendants.
_____

Plaintiff, Tyrone Houston, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, all of whom at all relevant times were DOCS officials or employees, took certain actions against him in retaliation for plaintiff's filing of lawsuits and grievances against them or other DOCS employees. Six of the defendants–Sheryl Zenzen, Theresa Knapp-David, Thomas Eagen, Dana Aidala, Curtis Mason, and Adam Cartwright–have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons that follow, defendants' motion is granted.

## DISCUSSION

### I. Summary Judgment–General Standards

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Where the plaintiff is proceeding *pro se*, the court will liberally construe his pleadings, and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Hernandez v. McGinnis*, 272 F.Supp.2d 223, 226 (W.D.N.Y. 2003).

### II. First Amendment Retaliation Claims–General Principles

In order to establish a First Amendment retaliation claim, a plaintiff must show (1) that he engaged in constitutionally protected speech or conduct, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected activity and the adverse action. *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The filing of lawsuits or prison grievances is a constitutionally protected activity. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988).

Courts approach prisoner retaliation claims "with skepticism and particular care," however, because "virtually any adverse action taken against a prisoner by a prison official–even those

otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491. *See also Graham*, 89 F.3d at 79 ("Retaliation claims by prisoners are 'prone to abuse' since prisoners can claim retaliation for every decision they dislike") (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

**III. Application to this Case**

In support of their motion for summary judgment, the moving defendants rely on plaintiff's deposition testimony about them. Since plaintiff's response to defendants' motion is essentially the same as to each moving defendant, his testimony concerning each defendant will be summarized in turn before addressing plaintiff's response.

With respect to Zenzen, a Tier III hearing officer who found plaintiff guilty of certain charges in 2002, plaintiff testified about her that "the lady hate men ... [S]he just never liked no man, either correction officer, men who work for her, definitely prisoners. That was just her character." Dkt. #47 Ex. B at 76. Plaintiff added that Zenzen "had a reputation throughout the facility as a man-hater." *Id.* He also stated that at plaintiff's disciplinary hearing, Zenzen "reviewed the tape [presumably of the incident giving rise to the charge against plaintiff] but ... she wouldn't dismiss the ticket." *Id.*

The complaint alleges that Knapp-David, DOCS' Director of Inmate Movement, along with defendant Lucien Leclaire, whom the complaint identifies as DOCS' Deputy Commissioner of Facilities Operation, transferred plaintiff to various correctional facilities in retaliation for plaintiff's exercise of his First Amendment rights. At his deposition, however, plaintiff testified, "The main

person got to be Leclaire. I don't have any problem with Knapp-David. I never filed any complaint against her. I never filed a grievance against her but this is her boss Leclaire." Dkt. #47 Ex. C at 51. Plaintiff also testified that he believed that Knapp-David had conspired with Leclaire to retaliate against plaintiff. *Id.*

The complaint alleges that defendant Eagen, the Director of DOCS' Inmate Grievance Program, wrongfully denied a grievance that plaintiff had filed about some of these allegedly retaliatory actions. When asked at his deposition why he had named Eagen as a defendant in this case, plaintiff responded that he did so "because I believe his response wasn't satisfactory." Dkt. #47 Ex. D at 67.

As to Mason, a Correctional Officer who testified at plaintiff's disciplinary hearing, plaintiff stated at his deposition that "the substance of [plaintiff's] complaint against Officer Mason was that he always had a tendency of issuing retaliatory statements toward prisoners. Wasn't me but, you know, I might be walking with a prisoner and he might say something unprofessional and I would be a witness, then the person would call me for an interview to substantiate his grievance." Dkt. #47 Ex. E at 32.

Plaintiff's testimony concerning Correctional Officer Cartwright, who also testified at the disciplinary hearing, was similar. Plaintiff stated that Cartwright "couldn't do his job so I would write him up for unprofessionalism and for conspiring with other officers instead of doing his assigned duties. He would allow other officers to do what they wanted to do, so that's why I wrote him up." Dkt. #47 Ex. F at 34.

As to Aidala, who was the Deputy Superintendent of Five Points Correctional Facility, defendants rely not on plaintiff's deposition testimony but on the allegations of the complaint. The complaint alleges that on June 19, 2002, plaintiff "filed a complaint ... to request due process right to a fair and impartial hearing officer, which defendant Aidala retaliatory denied ... ." Aidala's "denial," however, which is attached to the complaint, merely states, "Per DOCS directive #4932, Section 248.4, if you are dissatisfied with the results of your hearing, you should file an appeal." Compaint Ex. H-1.

Defendants contend that plaintiff's testimony, and his allegations about Aidala, demonstrate that plaintiff's claims against them are meritless. In response, plaintiff essentially just relies on the allegations contained in the complaint, and the exhibits attached to the complaint, such as copies of his administrative grievances. His response to defendants' motion mostly just repeats the allegations of the complaint, and cites portions of the complaint or its exhibits that he contends support his claims.

That is not sufficient to defeat defendants' motion. As the Supreme Court has stated, a "party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)). Under this rule, "with a motion for summary judgment adequately supported by affidavits, the party opposing the motion cannot rely on allegations in the complaint, but must counter the movant's affidavits with specific facts showing the existence of genuine issues warranting a trial." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). *See also Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("a party may not

rest on the bare allegations of a pleading to defeat a properly submitted motion for summary judgment"); *Nichols v. Metropolitan Life Ins. Co.*, 180 F.Supp.2d 413, 419 (W.D.N.Y. 2001) ("Faced with this evidence on a motion for summary judgment, plaintiff must do more than rest on the allegations in his complaint; he must come forward with 'concrete evidence from which a reasonable juror could return a verdict in his favor'") (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986)).[1]

With this lack of an adequate response to defendants' motion, the Court, even construing plaintiff's pleadings liberally, must grant defendants' motion. Plaintiffs' deposition testimony concerning the moving defendants shows that he has no valid claim against any of them. His testimony about Zenzen, for instance, was simply that she did not like men, and that plaintiff disagreed with her ruling on the disciplinary charges against plaintiff.[2] That is not evidence of retaliation. The same applies to Eagen, whose response to plaintiff's grievance plaintiff simply found "unsatisfactory."

As to Knapp-David, plaintiff's testimony made clear that he believed that Leclaire was the real culprit behind plaintiff's allegedly retaliatory transfers. Although he added that he believed that the two of them had conspired against plaintiff, he has offered no evidence to support that allegation.

---

[1] I note that plaintiff was put on notice of the nature of a motion for summary judgment, what was required of him by way of response, and the consequences of failing to adequately respond. *See* Dkt. #44 and #49.

[2] The complaint does not allege that Zenzen discriminated against plaintiff on account of his sex, but there is no evidence in the record, other than plaintiff's conclusory allegation that Zenzen was a "man-hater," to support such a claim.

*See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissal of "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights" is proper).

Plaintiff's testimony that Mason had a "tendency" to say "unprofessional" things to *other* inmates in plaintiff's presence also fails to make out a claim of retaliation against Mason. His testimony that Cartwright "couldn't do his job" likewise fails to support his claim against Cartwright, as does his vague, unsubstantiated assertion that Cartwright "conspir[ed] with other officers."

Finally, the evidence concerning Aidala refutes plaintiff's allegation that she retaliated against him in some way. The very document relied upon by plaintiff, Aidala's memo to him in June 2002, simply informed plaintiff that he could appeal if he was dissatisfied with the results of his hearing.

In short, plaintiff's mere repetition of, and citation to, the allegations of the complaint fail to show that there are any genuine issues of material fact that would preclude granting defendants' well-founded motion for summary judgment. The motion is therefore granted.

## CONCLUSION

The motion for summary judgment (Dkt. #44) by defendants Sheryl Zenzen, Theresa Knapp-David, Thomas Eagen, Dana Aidala, Curtis Mason, and Adam Cartwright is granted, and the complaint is dismissed as to those defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 26, 2005.